# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:21-cv-00271-MR

| | |
|---|---|
| **ROMUS ELLIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **FNU MASSCEGEE, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Temporary Restraining Order [Doc. 9], Motion for the Appointment of Counsel [Doc. 10], and Motion to Amend [Doc. 11]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 6].

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing events that allegedly occurred at the Alexander Correctional Institution. In the Complaint, the Plaintiff names as Defendants in their individual and official capacities: FNU Beaver, a captain; FNU Poteat, a lieutenant; and FNU Stanford and Masscegee, who are both correctional officers. He appears to assert § 1983 claims of excessive force, retaliation, and the administration of unwanted medication; and claims under North Carolina law of assault and battery and intentional infliction of emotional

distress. The Plaintiff seeks declaratory and injunctive relief, compensatory damages, a jury trial, the costs of this lawsuit, and any additional relief the Court deems just, proper and equitable. [Doc. 1]. The Complaint has not yet been reviewed for frivolity.

The Plaintiff now seeks to amend the Complaint to add a nurse as a new Defendant. [Doc. 11]. A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).

The nurse who Plaintiff seeks to add was not named as a Defendant in the original Complaint, and the Plaintiff has not filed a proposed Amended Complaint. The Motion is denied insofar as the Plaintiff is attempting amend the Complaint piecemeal. However, the Plaintiff may amend his Complaint within thirty (30) days of this Order. The Plaintiff must submit his Amended Complaint on a § 1983 form, clearly identify the Defendants against whom he intends to proceed, and set forth facts describing how each of the Defendants allegedly violated his rights. See generally Fed. R. Civ. P. 10(a). Any Amended Complaint will be subject to all timeliness and procedural

requirements and will supersede the Complaint. If the Plaintiff fails to timely amend his Complaint in accordance with this Order, the Court will proceed with an initial review of the original Complaint [Doc. No. 1].

In his Motion seeking a temporary restraining order, the Plaintiff alleges that the Defendants and other "staff and officers" at Alexander CI are retaliating against him for filing this civil action by tampering with his food, "holding" his medication, verbally harassing him, denying him recreation, refusing to provide him with proper cleaning supplies, and threatening him with bodily harm. [Doc. 9 at 1, 2]. The Plaintiff alleges that he fears for his safety and mental health, and is suffering severe emotional distress. He asks to be transferred immediately to another prison. [Id. at 2].

The Plaintiff seeks injunctive relief based upon retaliatory actions that are not alleged in the Complaint itself, as they allegedly occurred as a result of the Plaintiff instituting this legal action. [See id. at 2]. The Plaintiff further requests a transfer to a different facility, an action which can be effectuated only by the warden, who is not a party to this action. The Court cannot grant injunctive relief based on an unpled claim of retaliation. Further, the Court cannot grant injunctive relief based on the allegedly retaliatory actions of non-parties. Nor can the Court issue an injunction requiring an individual (such as a warden or other NCDPS official) to take some particular action

3

when that individual is not a party to this action. For all these reasons, the Plaintiff's Motion for Temporary Restraining Order is denied.

Finally, the Plaintiff requests that counsel be appointed to represent him in this case because: he cannot afford to hire a lawyer; his imprisonment will greatly limit his ability to litigate this case; the case will likely involve substantial investigation and discovery; the issues in the case are complex; counsel would help Plaintiff apply the law; the Plaintiff has no civil litigation experience; a trial will likely involve conflicting testimony that a lawyer would be better able to present and address; and Plaintiff has made repeated attempts to obtain a lawyer. [Doc. 10].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel and Plaintiff's request is therefore denied. However, the Plaintiff will have the opportunity to request that North Carolina Prisoner Legal Services ("NCPLS") be appointed to assist him with discovery pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS THEREFORE ORDERED** that:

(1) The Motion to Amend [Doc. 11] is **DENIED** insofar as the Plaintiff is attempting to amend the Complaint piecemeal. However, the Plaintiff shall have **thirty (30) days** in which to amend the Complaint in accordance with the terms of this Order. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed on the Complaint [Doc. 1].

(2) The Motion for Temporary Restraining Order [Doc. 9] is **DENIED**.

(3) The Motion for the Appointment of Counsel [Doc. 10] is **DENIED**.

**IT IS SO ORDERED.**  Signed: October 29, 2021

Martin Reidinger
Chief United States District Judge