# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:21-cv-00271-MR

| | |
|---|---|
| **ROMUS ELLIS,** | ) |
| Plaintiff, | ) |
| vs. | ) |
| **FNU MASSCEGEE, et al.,** | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the *pro se* Amended Complaint.[1] [Doc. 13]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 6].

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and North Carolina law,[2] addressing an incident at the Alexander Correctional Institution when he was allegedly forced to take unwanted medication. The Plaintiff names as Defendants: FNU Beaver, a captain; FNU Poteat, a

---

[1] The Plaintiff filed the Amended Complaint before the original Complaint was reviewed for frivolity. [See Doc. 12].

[2] The Plaintiff asserts § 1983 claims of "excessive force, failure to protect from assault, retaliation, and administration of unwanted medication" under the First, Fourth, and Eighth Amendments; and claims under North Carolina law for "assault and battery, intentional infliction of emotional distress." [Doc. 13 at 3].

lieutenant; FNU Masscegee, a sergeant; FNU Stanford and Jhon [sic] Doe, correctional officers; and Kenneth E. Gagnon, a registered nurse.³ The Plaintiff alleges that his lower back, neck, left shoulder, scalp, lower lip, and gums were injured in the incident. [Doc. 13 at 5]. He seeks declaratory judgment, unspecified injunctive relief, compensatory damages, costs, a jury trial, and any additional relief that the Court deems just, proper, and equitable. [Id.].

## II.  STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon

---

³ The Plaintiff asserts claims against Defendants Beaver, Poteat, Masscegee, and Stanford in their official and individual capacities. [Doc. 13 at 2-3]. He does not specify whether he is suing Defendants Doe and Gagnon in their individual capacities, official capacities, or both. [Id. at 12].

2

clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The body of the Amended Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders the Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The

3

allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

The Plaintiff purports to sue the Defendants, who are state officials, in their individual and official capacities.[4] [Doc. 13 at 2-3]. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's § 1983 claims against Defendants in their official capacities do not survive initial review and will be dismissed with prejudice.

### B. Unwanted Medication

The Plaintiff alleges that he was taken to a medical exam room where Defendants Beaver and Gagnon told him that medication would be physically

---

[4] The Court assume for purposes of this discussion that the Plaintiff intended to assert claims against Defendants Doe and Gagnon in their individual and official capacities.

4

forced into his mouth, and the Plaintiff verbally refused; that Defendant Poteat pulled a partition shut to shield the area from view; that Defendant Beaver gave the order for medication to be forced into Plaintiff's mouth; and that Defendants Masscegee, Doe, Stanford, and Gagnon carried out that directive. [Doc. 13 at 4, 13].

"[A] competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment." Cruzan v. Dir., Mo. Dep't of Health, 497 U.S. 261, 278 (1990). This liberty interest survives conviction and incarceration. King v. Rubenstein, 825 F.3d 206, 222 (4th Cir. 2016); see Washington v. Harper, 494 U.S. 210, 221–22 (1990) (recognizing an individual's "significant liberty interest in avoiding the unwanted administration" of a specific form of medical treatment); Hogan v. Carter, 85 F.3d 1113, 1116 (4th Cir. 1996) (*en banc*) (citing Harper, 494 U.S. 221–22). In this context, prison officials may override this right when treatment is "reasonably related to legitimate penological interests." Harper, 494 U.S. at 223 (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). "This is true even when the constitutional right claimed to have been infringed is fundamental, and the State under other circumstances would have been required to satisfy a more rigorous standard of review." Id. (citation omitted).

5

Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, he has stated a claim against Defendants for the forced administration of unwanted medication. This claim has survived initial review.

**C.     Excessive Force**

The Plaintiff alleges that, during the forced administration of medication, Defendant Masscegee restrained his legs; that Defendant Doe yanked the Plaintiff backwards by his hair; that Defendant Stanford pinched his nose shut and forced his mouth open; that Defendant Gagnon physically forced the medication into his mouth; and that this occurred in the presence of Defendants Poteat and Beaver. [Doc. 13 at 13].

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim for the use of excessive force, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of

force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

The Fourth Circuit recognizes a cause of action for bystander liability "premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416-17 (4th Cir. 2014) (quoting Randall v. Prince George's Cnty., 302 F.3d 188, 203 (4th Cir. 2002)). A "bystander officer" can be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall, 302 F.3d at 204.

Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, he has stated a claim against the Defendants for the use of excessive force and failure to intervene. These claims have survived initial review.

### D. Retaliation

The Plaintiff states that he is asserting a claim for "retaliation" pursuant to § 1983. [Doc. 13 at 3].

The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." Suarez Corp. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000). Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir.1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) []he engaged in protected First Amendment activity, (2) the defendant[] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant['s] conduct." Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) (quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005)). In the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

This claim is too vague and conclusory to proceed. The Plaintiff has not supported his retaliation claim with any factual allegations whatsoever. As such, it will be dismissed without prejudice.

### E. North Carolina Claims

The Plaintiff attempts to state claims for assault and battery and the intentional infliction of emotional distress under North Carolina law.

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018); see § 1367(c)(3). A district court may also dismiss the related state claims if there is a good reason to decline jurisdiction. See § 1367(c)(1), (2), and (4).

### 1. Assault and Battery

The Plaintiff appears to base a claim for assault and battery on the same facts as his § 1983 excessive force claim. [Doc. 13 at 13].

North Carolina assault is an offer to show violence to another without striking him, and battery is the carrying of the threat into effect by the infliction of a blow. See generally Dickens v. Puryear, 302 N.C. 437, 445, 276 S.E.2d 325, 330 (1981). "Civil liability for an assault and battery is not limited to the direct perpetrator of the act charged; it extends to any person who by any means encourages or incites that act or aids and abets it." Toone v. Adams, 262 N.C. 403, 409, 137 S.E.2d 132, 136 (1964) (quotation omitted).

The Plaintiff has plausibly stated assault and battery claims under North Carolina law against the Defendants, and these claims involve the same incidents as the excessive force and failure to intervene claims that have passed initial review. The Court will, accordingly, exercise supplemental jurisdiction over the Plaintiff's assault and battery claims at this time.

### 2. Intentional Infliction of Emotional Distress

The Plaintiff appears to allege that the Defendants intentionally caused him emotional distress by forcefully administering unwanted medication. [Doc. 13 at 4, 13].

The elements of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." Dickens, 302 N.C. at 452, 276 S.E.2d at 335 (citations and quotation marks omitted). The severe emotional distress required for intentional infliction of emotional distress is "any emotional or mental disorder, such as for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe or disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Piro v. McKeever, 245 N.C. App. 412, 416, 782 S.E.2d 367, 371 (2016), *aff'd* 369 N.C. 291, 794 S.E.2d 501 (citations omitted). Conduct is "extreme and outrageous" when it "exceeds all bounds usually tolerated by a decent society." Shreve v. Duke Power Co., 85 N.C. App. 253, 257, 354 S.E.2d 357, 359 (1987) (citation and quotations omitted).

The Plaintiff has failed to state a claim for the intentional infliction of emotional distress. Assuming *arguendo* that the Defendants' conduct was extreme and outrageous, the Plaintiff has failed to allege that the Defendants intended to cause him severe emotional distress, or that he suffered a disabling emotional or mental condition as a result of their actions. The

11

Court, accordingly, declines to exercise supplemental jurisdiction over Plaintiff's claim for the intentional infliction of emotional distress at this time.

## IV. CONCLUSION

In sum, the Plaintiff's § 1983 claims for the use of excessive force/failure to intervene, and for the administration of unwanted medication have passed initial review against Defendants Gagnon, Masscegee, Stanford, Poteat, Doe, and Beaver in their individual capacities. The § 1983 claims against the Defendants in their official capacities are dismissed with prejudice. The Court will exercise supplemental jurisdiction over Plaintiff's claims of assault and battery against the Defendants pursuant to North Carolina law. The remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed only on the claims set forth in this Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The claims against Defendants Gagnon, Mescegee, Stanford, Poteat, Doe, and Beaver have passed initial review for the use of excessive force/ failure to intervene, and the involuntary administration of medication. The Court will exercise supplemental jurisdiction over Plaintiff's claims against these Defendants for assault and battery under North Carolina law.

2. The § 1983 claims against the Defendants in their official capacities are **DISMISSED with prejudice.**

3. The remaining claims are **DISMISSED without prejudice**.

4. The Plaintiff shall have **thirty (30) days** in which to amend the Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, the matter will proceed against the Defendants as provided in this Order.

5. The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW, and a copy of this Order.

**IT IS SO ORDERED.** Signed: January 3, 2022

Martin Reidinger
Chief United States District Judge