IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00271-MR

| | |
|---|---|
| **ROMUS ELLIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **FNU MASSCEGEE, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Second Amended Complaint. [Doc. 18]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and North Carolina law, addressing an incident at the Alexander Correctional Institution when he was allegedly forced to take unwanted medication.[1] The Amended Complaint passed initial review on against Defendants Gagnon, Masscegee, Stanford, Poteat, Doe, and Beaver for the use of excessive force/ failure to intervene and the involuntary administration of medication, and the Court exercised supplemental jurisdiction over the Plaintiff's claims

---

[1] The Plaintiff filed this action from Central Prison; he is no longer incarcerated.

against the Defendants for assault and battery under North Carolina law. [Doc. 15]. The Court granted the Plaintiff the opportunity to amend [id.], and the Second Amended Complaint is now before the Court for initial review.

The Plaintiff names the same Defendants in their individual and official capacities.[2] [Doc. 18 at 2-3, 13]. He again asserts claims of "excessive force, failure to protect from assault, retaliation, and administration of unwanted medication, under the First, Fourth, and Eighth Amendments, and claims under North Carolina law for battery and assault and intentional infliction of emotional distress." [Id. at 3]. He describes the incident as follows:

> Inside multipurpose room/ exam room Captain Beaver & Nurse Gagnon verberly [sic] made threats that I would be physically forced to take medication. Lt. Poteat walks to the door & window of room and pulls white partition in front of door & window to block view inside of room as c/o Deal was walking past looking in. Cpt. Beaver gives order for me to be physically forced to take meds. Sgt. Masscegee wraps both arms around my legs while still in leg restraints and hands cuffed behind my back. C/O Jhon [sic] Doe grabs a fistful of my hair then pulls me back onto the table. C/O Stanford grabs me under my chin with one hand and use his other to pinch my nose to stop my breathing while Nurse Gagnon forcefully forces medication into my mouth.

[Id. at 5].

---

[2] Sergeant Masscegee is also referred to as Correctional Officer "Masscgee." [Doc. 18 at 2].

2

The Plaintiff claims to have sustained injuries to his shoulder, neck, lower back, gums, lip, and scalp in the incident. [Id.]. He seeks a declaratory judgment, injunctive relief, compensatory damages, a jury trial, the costs of this lawsuit, and any other relief the Court deems just, proper, and equitable. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Second Amended Complaint restates the allegations in the Amended Complaint, and the outcome on initial review is the same.

The allegations against individuals not named as Defendants are dismissed for the reasons previously stated in the Order on initial review of the Amended Complaint. [See Doc. 15 at 3-4]. The claims against the Defendants in their official capacities were previously dismissed with prejudice, and do not survive initial review for the reasons previously stated. [See id. at 4].

The claims that the Defendants forcibly administered medication, and used excessive force[3] to do so, pass initial review for the reasons previously stated, and the Court again exercises supplemental jurisdiction over the Plaintiff's claims for assault and battery under North Carolina law. [See id. at 4-7, 10].

---

[3] The Plaintiff's allegation of "failure to protect" [Doc. 18 at 3] is liberally construed as a claim for the use of excessive force/failure to intervene. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (instructing courts to construe pro se documents liberally).

4

The Plaintiff's claims of retaliation, and for the intentional infliction of emotional distress, remain insufficient to proceed, and are dismissed for the reasons previously stated. [See id. at 8-12].

## IV. CONCLUSION

In sum, the Plaintiff's § 1983 claims for the use of excessive force/failure to intervene, and for the administration of unwanted medication have passed initial review against Defendants Gagnon, Masscegee, Stanford, Poteat, Doe, and Beaver in their individual capacities. The § 1983 claims against the Defendants in their official capacities are dismissed with prejudice. The Court will exercise supplemental jurisdiction over Plaintiff's claims of assault and battery against the Defendants pursuant to North Carolina law. The remaining claims are dismissed without prejudice.

In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Gagnon, Masscegee, Stanford, Poteat, Doe, and Beaver, who are alleged to be current or former employees of NCDPS.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Second Amended Complaint [Doc. 18] passes initial review against Defendants Gagnon, Masscegee, Stanford, Poteat, Doe and Beaver for the use of excessive force/ failure to intervene, and the involuntary administration of medication. The Court will exercise supplemental jurisdiction over Plaintiff's claims against the Defendants for assault and battery under North Carolina law.

2. The § 1983 claims against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE.**

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Gagnon, Masscegee, Stanford, Poteat, Doe, and Beaver, who are alleged to be current or former employees of NCDPS.

**IT IS SO ORDERED.**

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge