# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:21-cv-00271-MR

| | |
|---|---|
| **ROMUS ELLIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **CAMERON MASSAGEE, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the North Carolina Central Prison. The Second Amended Complaint passed initial review against six Defendants for the use of excessive force/failure to intervene, and the involuntary administration of medication, and the Court exercised supplemental jurisdiction over North Carolina assault and battery claims. [Doc. 19]. Defendants Beaver, Bryan, Massagee, and Poteat have filed an Answer [Doc. 32], Defendant Gagnon has been served but has not filed an answer [Doc. 36], and Defendant Stanford has not been served [see Doc. 26]. On May 20, 2022, the Court issued an Order requiring the Plaintiff to provide additional information within 30 days so that the United States Marshals

Service could locate and serve Defendant Stanford. [Doc. 26]. He was cautioned that "[f]ailure to timely comply will result in the dismissal of Defendant Stanford from this action without further notice." [Id. at 3].

On July 14, 2022, mail sent to the Plaintiff at his address of record was returned to the Court as undeliverable. [Doc. 31]. The envelope notes: "Return to Sender, no such street, unable to forward." [Id.].

On July 29, 2022, the Court ordered the Plaintiff to update his address of record and inform the Court whether he intends to proceed with this action within 10 days. [Doc. 34]. He was cautioned that the "[f]ailure to comply with this Order will result in dismissal of this action without prejudice and this case's closure without further notice." [Id. at 2]. The July 29 Order and other mailings were then returned to the Court as undeliverable. [Docs. 37, 38, 39, 40].

On August 3, 2022, the United States Marshal filed a receipt indicating that a summons was served on Defendant Gagnon by leaving the summons with the Defendant's spouse on June 2, 2022. [Doc. 36]. Defendant Gagnon filed a Letter with the Court on June 23, 2022 [Doc. 28], but has not filed an Answer to date.

On August 23, 2022, the Plaintiff filed a Notice of Change of Address notifying the Court of his current address. [Doc. 41].

2

The Federal Rules of Civil Procedure allow a court to dismiss sua sponte unserved defendants after 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 6(b)(1)(B) (when an act must be done within a specified time, a court may, for good cause, extend that time on motion made after the time has expired if the party failed to act because of excusable neglect). This period is tolled until frivolity review is complete and the district court authorizes service. See Robinson v. Clipse, 602 F.3d 605 (4th Cir. 2010). Defendant Stanford has not been timely served and the Plaintiff has failed to show good cause why the service period should be extended. Therefore, Defendant Stanford will be dismissed from this action without prejudice pursuant to Rule 4(m).

The Plaintiff shall take further action to prosecute this case against Defendant Gagnon within fourteen (14) days of this Order. Failure to take any such further action shall result in the dismissal of this Defendant without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Stanford is **DISMISSED WITHOUT PREJUDICE** from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure

2. The Plaintiff shall take further action to prosecute this case

against Defendant Gagnon within **fourteen (14) days** of this Order. Failure to take any such further action shall result in the dismissal of this Defendant without prejudice.

The Clerk is respectfully instructed to mail the Plaintiff a copy of the docket sheet, docket entries 33 and 34, and this Order.

**IT IS SO ORDERED.**

Signed: September 2, 2022

Martin Reidinger
Chief United States District Judge